UNITED STATES of America

v.

Esau WASHINGTON, Appellant.

No. 72-1203.

United States Court of Appeals, District of Columbia Circuit.

Jan. 31, 1973.

Lois R. Goodman, Washington, D.C. (appointed by this Court), was on the brief for appellant.

Harold H. Titus Jr., U. S. Atty., John A. Terry, Lester B. Seidel, and Joseph F. McSorley, Asst. U. S. Attys., were on the brief for appellee.

Before BAZELON, Chief Judge, ELBERT P. TUTTLE,* United States Senior Circuit Judge for the Fifth Circuit, and WRIGHT, Circuit Judge.

BAZELON, Chief Judge:

Esau Washington was convicted of armed robbery,[1] assault with a dangerous weapon,[2] and carrying a pistol without a license,[3] and sentenced to prison terms on these charges. Eleven months later, he filed a *pro se* notice of appeal and a motion to proceed *in forma pauperis*. The motion was denied because the appeal had been untimely filed.

Subsequently, Washington filed a motion to vacate sentence under 28 U.S.C. § 2255 on grounds that his appointed trial counsel had not informed him of the ten-day time limit for filing criminal appeals. At the hearing on the motion, Washington was the only witness[4] and his credibility was the only issue. The District Judge decided that Washington's testimony was not credible and denied the motion.

■ Washington now appeals that denial, arguing (a) that the decision was tainted by the admission of prejudicial, harassing, and diversionary evidence, and (b) that it was contrary to the weight of the evidence. We find these points to be without merit. The evidence complained of—dealing with Washington's relations with his lawyers and his vacillation over pleading guilty —was put directly in issue by the nature of his claim and his statements at the hearing. The credibility of the witness and the weight of the evidence are issues to be determined by the trial court, and the record does not indicate that the judge's findings in this case are clearly erroneous. Accordingly, we affirm the denial of Washington's motion.

There is, however, a further matter which makes us uncomfortable about this case. The record before us, although incomplete, gives rise to a lingering doubt as to whether Washington received the meaningful advice and assistance of counsel to which he is entitled under the 6th Amendment. A brief review of the facts presently available will demonstrate the basis for our concern.

A lawyer in private practice was appointed to represent Washington at the time of the arraignment. This attorney apparently urged Washington to plead guilty, and Washington entered a plea of guilty to robbery and carrying a deadly weapon. Within a few weeks, however, Washington withdrew his plea and elected to go to trial. At that point his attorney moved to withdraw from the case, citing "disputes" between himself and Washington concerning the withdrawal of the plea. A new lawyer was appointed.

■ There is little evidence as to the extent of the second lawyer's work on the case. He did not testify at the § 2255 hearing, because neither the government nor Washington could find him (according to the government's brief, the lawyer has left the District to avoid a jail sentence for contempt of court in an unrelated matter). From the few records available, it appears that he interviewed no witnesses in the case.[5] After Washington wrote a letter from jail asking the District Court to "send him over here so I can meet him", the attorney interviewed Washington.[6]

---

* Sitting by designation pursuant to Title 28, U.S.C. § 294(d).

1. D.C.Code § 22–2901.

2. D.C.Code § 22–502.

3. D.C.Code § 22–3204.

4. His trial counsel was not available, for reasons explained below.

5. The attorney's voucher for compensation under the Criminal Justice Act indicates that no time was spent interviewing witnesses. Although this is not irrefutable evidence, this particular attorney was apparently not inclined to understate the hours he spent on the case; see note 6, *infra*.

6. Although the point is not clear, the record seems to indicate that the attorney interviewed Washington only once. Yet he

Based on the interview, the lawyer opined that "there is only one approach to this case and that is that we try to arrange for a plead (sic) of guilty to one or more of the charges. . . . My feeling with regard to the foregoing is final and I do not feel I can be persuaded to feel otherwise." Washington still insisted on going to trial.

Possibly because of this disagreement, or perhaps because of his inexperience in criminal law, the attorney decided to withdraw from the case; not until the day of the trial, however, did he move for leave to withdraw. The motion was denied. The judge did direct a lawyer from the Legal Aid Agency to "act as advisor" to the defense. It is not clear how much this advisor contributed; it is obvious, however, that he had no chance whatsoever for preparation of the case.

While these facts sow the seed of doubt, we cannot say at this point whether or not Washington received effective assistance of counsel. The lawyers' insistence on a guilty plea may have been the result of careful and informed analysis of the situation. The presence of the Legal Aid advisor may have made up for trial counsel's inexperience and apparent lack of preparation. If so, Washington could not say that his rights under the 6th Amendment were denied. However, if a review by competent counsel of all pertinent information, including the trial transcript (not before us on this appeal) and matters outside the trial record, indicates that Washington has a meritorious Constitutional claim—that the legal assistance rendered him prior to or during the trial was inadequate—our action today would not preclude a new motion under 28 U.S.C. § 2255. Sanders v. United States, 373 U. S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); 2 Wright, Federal Practice and Procedure, § 602.

billed the government for compensation for eight hours of time spent in "interviews with client". The available evidence does not explain this apparent inconsistency.